UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Ersin Kara,<br><br>　*Plaintiff*,<br><br>　-v-<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY (DHS); UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), Kika Scott, Senior Official Performing the Duties of the Director at USCIS, Director Arlington Asylum Office;<br><br>　*Defendants*. | Case No: |

**Complaint and Action in Mandamus**

　　More than five years have passed since Plaintiff filed an application for asylum with the US Citizenship and Immigration Services (USCIS). USCIS has unreasonably and arbitrarily delayed scheduling an interview. This delay violates USCIS' duty to schedule an initial interview within 45 days of receipt of an asylum application. It also does so arbitrarily by continuing to schedule interviews for other applicants in violation of its own guidance. Plaintiff has taken every other available measure before petitioning this Court, and having failed to convince the agency to carry out its duty now asks this Court to compel USCIS to adjudicate his application.

## Jurisdiction and Venue

1. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. § 1651 because Plaintiff asks this Court to compel Defendants, officers of the United States, to perform their duty owed under INA § 208(d)(5)(A)(ii)-(iii), 8 U.S.C. § 1158(d)(5)(A)(ii)-(iii).

2. Jurisdiction is also conferred on this Court pursuant to 5 U.S.C. § 704 as Plaintiff is aggrieved by adverse agency action which this Court is authorized to remedy under the Administrative Procedures Act, 5 U.S.C. §§ 702 et seq.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§ 2201-02 which authorizes the issuance of declaratory judgments.

4. Plaintiff seeks costs and fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. §§ 2412(2) et seq.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because this judicial district is where Plaintiff resides and where a substantial part of the events and omissions giving rise to the claim occurred.

## The Parties

6. Plaintiff Ersin Kara is a resident of Prince William County, Virginia, who applied for asylum with USCIS on October 15, 2019.

7. Defendant US Department of Homeland Security (DHS) is part of the executive branch charged with enforcement of US immigration laws, including its oversight of the agency US Citizenship and Immigration Services (USCIS).

8. Defendant US Citizenship and Immigration Services (USCIS) is a government agency which resides in DHS. USCIS received and processed Plaintiff's application, assigning it to the Asylum Office.

9. Defendant Kika Scott is the Senior Official Performing the Duties of the Director of USCIS. Kika Scott is named in her official capacity.

10. Defendant, Director Arlington Asylum Office, has jurisdiction over this Plaintiff's Application for Asylum.

## Facts at Issue

11. Plaintiff filed a complete application for asylum with USCIS on October 15, 2019. His application was assigned the USCIS case tracking number ZAR2042999180.

12. In January of 2018, USCIS adopted a new scheduling order for asylum interviews known as "first-in, first-out." This system aims to schedule asylum interviews for new applicants before those with older pending cases.

13. The first-in, first-out system creates three priority groups. First priority applicants are those being rescheduled for interviews that were previously cancelled by either the applicant or USCIS. Second priority goes to new applications pending 21 days or less. Third priority goes to those in the "asylum backlog" who are waiting for interviews, starting with the most recently added applicant.

14. The USCIS Asylum Offices have failed in most periods to complete interviews for applicants in the second priority group. As a result, tens of thousands of applicants with cases pending before the new scheduling system went into place may never receive an asylum interview.

15. USCIS has failed to dedicate resources to older cases or to allow those with long-pending cases to schedule an interview. Currently, USCIS only permits interviews for older cases if they qualify for expedited processing under established guidelines. Those guidelines permit some individuals with compelling humanitarian circumstances to schedule an interview.

16. Plaintiff has contacted USCIS and his congressional representative, seeking to advance his case and receive a decision. On July 14, 2021 he contacted his congresswoman Bonnie Watson Coleman regarding his case delays. Despite his best efforts, he has been unable to convince USCIS to perform its duty to adjudicate his application.

17. Plaintiff has no remaining options other than this Complaint to resolve this matter. Without intervention by this Court, Plaintiff may never be given an opportunity to be interviewed on the asylum application. By constantly prioritizing other cases, USCIS has created a procedural black hole that indefinitely suspends the asylum process.

18. Unreasonable delays in asylum applications create numerous other injustices beyond the failure to adjudicate the application for asylum. A successful asylum applicant can petition for family members, apply for permanent residency when eligible, and eventually become a US Citizen. Without an interview, the applicant cannot do any of those things. Furthermore, by being held in immigration limbo, the applicant is unable to make long-term life plans and face discrimination in employment for having limited-term work authorization. They also shoulder additional expenses from having to continuously renew their work authorization as well as to pay legal fees to try and resolve their stalled case.

## Plaintiff's Claims

19. Plaintiff's statutory right to apply for asylum under 8 U.S.C. 1158(a)(1) is being violated by Defendants' failure to fulfill its non-discretionary duty to schedule an asylum interview within 45 days. *See* 8 U.S.C. 1158(d)(5)(A)(ii).

20. Defendants have unreasonably delayed Plaintiff's asylum interview and this Court has the authority to remedy that delay under 5 U.S.C. § 706(1).

21. Defendants have acted arbitrarily and capriciously by indefinitely delaying the adjudication of Plaintiff's case, without remedy or due process, while at the same time processing cases filed both earlier and later than his own, in violation of USCIS' own policies and procedures. *See* 5 U.S.C. § 706(2)(A).

22. Defendants have failed to act and owe the Plaintiff a non-discretionary duty. Plaintiff seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel USCIS and the Asylum Office to schedule an interview in this matter.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A   Assume and maintain jurisdiction over this matter;

B   Declare Defendants' actions in this matter an abuse of discretion and not in accordance with the law pursuant to 5 U.S.C. § 706(1), 5 U.S.C. § 706(2)(C) and 28 U.S.C. §§ 2201-02;

C   Issue a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to schedule an asylum interview and make a

    determination on Plaintiff's I-589 Application for Asylum within 90 days of the interview;

D  Issue a writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to schedule an asylum interview and make a determination on Plaintiff's I-589 Application for Asylum within 90 days of that interview;

E  Grant attorneys' fees and costs of this suit under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412(2), et seq.; and

F  Grant any other relief which this Court deems just and proper.

Respectfully submitted,


/s/ S. Alexander Miller
S. Alexander Miller
Bar No.: VA78831
3300 N Fairfax Drive
Suite 201
Arlington, VA 22201
alex@millerlawdc.com
Phone: (202) 810-3005


/s/ Joseph Krebs Muller

Joseph Krebs Muller
Bar: MO #65066, TX #24117397
Law Office of Joseph Muller
9600 Great Hills Trl. Ste. 150W
Austin, TX 78759
Email: joseph@jkmlaw.cc
Phone: (512) 593-8258
Fax: (512) 361-4938